## J. B. COLT CO. v. DAVID C. ODLE.

Western Section.   July 30, 1926.

Petition for Certiorari denied by Supreme Court January 29, 1927.

1. **Sales. Evidence. Evidence of the fraudulent misrepresentations of the seller is held admissible though the contract provides expressly that "no other conditions or representations than those herewith printed shall be binding."**
   In an action to recover for a lighting system where the evidence showed that the agent made false representations to the buyer concerning the plant, held that evidence of these representations was admissible notwithstanding the fact that the written contract provided "no other conditions or representations than those herewith printed shall be binding."

2. **Sales. Party can not claim benefit of contract and repudiate representations made by his agent.**
   A principal who accept the benefit of a contract made on his behalf by his authorized agent/ will be held responsible for the fraudulent misrepresentations of the agent, although made without his authority.

3. **Sales. Evidence. Buyer held entitled to repudiate purchase because of agent's fraudulent misrepresentations.**
   In an action to recover the purchase price of a lighting plant where the evidence showed that the agent had made gross misrepresentations to the buyer, held that the buyer was entitled to repudiate his purchase and the seller could not recover his contract price, notwithstanding the fact that there was a written contract of sale.

Appeal from Chancery Court, Perry County; Hon. J. C. Hobbs, Judge.

Affirmed.

Essary & Denison, of Lexington, for appellant.

Pearson & Whitwell, of Linden, for appellee.

HEISKELL, J.   The bill was filed by the complainant, J. B. Colt Co., the appellant herein April 17, 1925, against the defendant, David C. Odle, seeking to collect a promissory note of $324.85, together with accrued interest thereon for the sale and delivery by complainant to the defendant of a certain Home Lighting Plant, consisting of Carbide Generator, Model 200 Carbide Capacity, together with fixtures, burners, globes, pipes and other necessary supplies sold and delivered.

The complainant is a non-resident corporation, but has a Sales

Agency, located at Nashville, for the State of Tennessee, and it was the duty of the salesman to take orders for plants and report to the company. The company would then accept or reject the orders. And if accepted, would make shipment to the purchaser f. o. b. factory or warehouse.

The defendant, David C. Odle, filed his answer as a cross-bill to said original bill May 28, 1925, admitting giving and signing the order for the purchase of said plant; admitting the signing and delivering of said note sued upon; admitting the shipping of said machinery and lighting plant, as per said order and contract; his accepting same and having it installed in his residence; and admitting further that said note for the purchase of said machinery had not been paid; but sets up as defense for his non-payment that there were certain representations made outside of said written contract as to character of the light, the cost of operation, etc., all of which had proven untrue and for that reason payment of said note had been declined.

The following excerpt from the answer shows the defense set up:

It was represented to him by said agents that this plant would carry 200 lights and that he would therefore have light to sell at a handsome profit; that the material used in the generator, after exhausting its usefulness in the production of light, could be sold as a whitewash ingredient at a price sufficient to pay for the carbide used; that 200 pounds of carbide would run the plant at full capacity eight to twelve months; that no contract would have to be signed, but that it would be necessary to execute a note maturing twelve months after the installation of the plant, but that the note would not have to be paid unless the light plant was satisfactory and performed as intended after twelve months' use, and that in case it failed to prove satisfactory the complainant company would surrender the note and take back the plant; and that in case everything was satisfactory and defendant was unprepared to pay the note at maturity, the payment of interest would be satisfactory while defendant could have further time to increase his sales of light and whitewash ingredient.

The answer of the defendant claims that these representations were false and fraudulent, made for the purpose of inducing him to purchase the said outfit; that 200 pounds of carbide lasted less than three months and a recharge of 100 pounds only about a month and a half. For the reasons stated defendants asks that his answer be taken as a cross-bill, that said contract be set aside and rescinded and the note cancelled.

The Chancellor dismissed the complainant's bill and granted the relief prayed for in the defendant's cross-bill.

The complainant has appealed and assigned errors.

The first assignment predicates error upon the admission by the Chancellor of the testimony of defendant and Lyle B. Sloan to the effect that the installers of the machinery made certain representations as to the amount of carbide it would take to operate said generator, and upon the holding of the Chancellor that said installers were the agents of the complainant.

This testimony is not very material for the reason that Pilcher, who was the agent of complainant in making the sale, made stronger misrepresentations before the sale and as an inducement to the contract. So if the testimony as to representations made by the installers was stricken out, it would not change the result. However, the Chancellor was correct in holding the installers the agents of complainant, and the evidence of their representations competent. The principal contention is as to the agency of Jones, who in the first instance installed the machinery. He was sent by the complainant to install the plant and was under bond to complainant to do the work properly. Besides, he had in his possession the papers sent by the company for defendant to sign and he was required to report in writing to the complainant, and did so. It is true the defendant was required to pay for the installation, but this did not make Jones the agent of the defendant. Then, at the time Jones made his misrepresentations the defendant was hesitating about having the plant installed and the representations had influence in inducing him to proceed and in this view the evidence is competent.

The second assignment is practically to the same effect as the first and is covered by what has been said.

The third is that the court erred in dismissing complainant's bill and sustaining the cross-bill. This is no assignment at all.

The fourth is that the court erred in holding that the complainant would be bound by any mistake or untrue representation if made by any one outside of the written contract.

There can be no controversy that the sales agent or agents stated to the defendant that the plant would carry 200 lights, that it would light up the whole neighborhood; that 200 pounds of carbide would run from eight to twelve months, and that the refuse carbide could be sold for enough to pay for running the plant, and that if not satisfied at the end of a year the machinery could be returned. These were false representations, intended to in-

fluence a sale, and whether the agents knew them to be false or not they justify the court in setting aside the sale.

It is insisted for complainant that it is not bound by these representations because of the written contract. The authorities answer this contention of appellant.

"Evidence of the fraudulent misrepresentations of the seller is held admissible though the contract provides expressly that 'no other conditions or representations than those herewith printed shall be binding.' See 21 R. C. L. 906.

" 'If a general agent make a contract within the scope of his agency, the principal is bound by such contract, though in violation of instructions, unless the party with whom the contract is made, knew the agent was violating his instructions.' This was held in the case of Mt. Olivet Cemetery v. Shubert, 2 Head, 118.

"With reference to the question of misrepresentation of the character and condition of the article sold, the rules of the law are well stated in the case of Hogg & Belcher v. Cardwell, 4 Sneed, 157, substantially as follows: That if they were made to influence the bargain, and did have that effect, they would be equivalent to a warranty, and the vendor bound to answer for the breach. Whether they were made innocently or fraudulently could make no difference, if an injury resulted to the purchaser who relied on their truth and made the trade on the faith of their correctness. Waterbury v. Russell, 8 Bax., 160; Hines v. Wilcox, 12 Pickle, 154; Barnard v. Roane Iron Co., 1 Pickle, 139; Hogg & Belcher v. Cardwell, 4 Sneed, 157; Blair v. Johnson, 3 Cates, 118.

"It is not necessary, however, to constitute fraud that there should be a clear knowledge that the statement made is false. Statements which are intended to be acted upon, if made recklessly and with no reasonable ground of belief, bring their maker within the remedies appropriate to fraud. Anson on Contracts, page 179.

"For frauds and misrepresentations of his agent within the scope of the employment, the principal is liable no less than in other cases; and this although he had no knowledge thereof; and has received no benefits therefrom. 21 R. C. L., 850.

"The principal will be liable for false and fraudulent representations of his agent in effecting a sale of lands and goods. 21 R. C. L., page 1393."

The complainant cannot claim the benefit of the contract made by sales agents, and repudiate the representations of those agents.

"A principal who accepts the benefit of a contract made on his behalf by his authorized agent, will be held responsible for the fraudulent misrepresentations of the agent, although made without his authority. Barnard v. Roane Iron Co., 85 Tenn., 139; Franklin v. Ezell, 1 Sneed, 500; Hines v. Wilcox, 12 Pickle, 153-54; Bennet v. Life Ins. Co., 23 Pickle, 374; Bank v. Smith, 2 Cates, 345."

Complainant is suing on the sale contract obtained by its agents. The representations made are competent. The cost of running this plant was such as no one, of as little financial ability as the defendant, could afford to pay for light. Taking the expense of operation, as it turned out to be, the defendant ought not to have been induced to make the contract. Something is said about the trouble arising from defective installation. If this is true, complainant should have corrected it. It was installed by their expert bonded agent.

There was no error in overruling the exceptions of complainant to said testimony, and there was no error in the effect the Chancellor gave to the evidence when admitted. The assignments of error are overruled and the decree of the lower court is affirmed.

Owen and Senter, JJ., concur.